# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BILLY RAY BOOKER and PAULINE ESTRADA,

      Plaintiff,

v.                                                                          Civil No. 02-208 WJ/RLP

THE CITY OF ALBUQUERQUE, and
OFFICER C. SAYLOR (both in his official
capacity as a police officer and individually),

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendants' Joint Motion to Dismiss § 1983 Negligence Claim on the Basis of Qualified Immunity, § 1983 Failure to Train and Supervise, and Punitive Damages Claim and to Dismiss Plaintiffs' New Mexico Constitutional NMSA § 41-4-1 Negligence and Failure to Train and Supervise Claims, filed November 27, 2002 **(Doc. 16)**.

Plaintiffs in this action are two homeless people who sustained injuries as a result of bite wounds inflicted by police service dog "Buddy" during a search conducted by Defendant Police Officer Saylor. Defendants removed the case to federal court on the basis of Plaintiff's claim against the City of Albuquerque alleging failure to properly train and supervise under § 1983. The Complaint contains five counts: Violation of NMSA § 41-1-1 against the City (Count I);[1]

---

[1] Section 41-1-1 governs settlements, releases and statements of injured patients, and prohibits negotiations or attempts to negotiate a settlement with injured patients. The City had presented a settlement offer to Plaintiffs during their stay at the hospital – a free stay in a local hotel for the day, and $1,750.00 for a full release of any possible claims. Plaintiffs, who were

Negligence by Officer Saylor (Count II); Failure to Properly Train and Supervise against the City (Count III); Failure to Train and Supervise under 42 U.S.C. § 1983 against the City[2]; and Violation of New Mexico State Constitution (Count V).

*Legal Standard*

The doctrine of qualified immunity shields individual government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 516 (10th Cir.1998) (citations omitted). After a defendant asserts a qualified immunity defense, as Defendant has done in this case,[3] the burden shifts to the Plaintiff, who must then meet a two-part test before the Defendant will bear the traditional burden of movant for summary judgment under Fed.R.Civ.P. 56(c). Holland ex rel. Overdorff v. Harrington, 268 F.3d 1179, 1185 (10th Cir. 2001).

The first part of the two-part test is to determine whether a plaintiff has sufficiently alleged that the defendant violated a statutory or constitutional right. Tonkovich, 159 F.3d at 516. Only if the plaintiff has asserted such a deprivation does the Court proceed to the second part, which is

---

illiterate and homeless at the time of the attack, accepted these terms. Defendant does not dispute that this occurred, but argue that claims regarding this issue should be brought under the New Mexico Tort Claims Act. Given the disposition of the federal claim in this action, I need not pass on the merits of that argument.

[2] Specifically, Plaintiffs assert that the City violated their Fourth and Fourteenth Amendments.

[3] The defense of qualified immunity is not available to the City of Albuquerque, but can be raised by Defendant Saylor in his individual capacity. Seamons v. Snow, 206 F.3d 1021, 1029 (10th Cir. 2000) (citing Owen v. City of Independence, 445 U.S. 622, 638(1980) (qualified immunity not available as a defense to municipal liability)).

to determine "whether the right was clearly established such that a reasonable person in the defendant's position would have known that his or her conduct violated that right." Id. To show that a law is clearly established, generally "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." Butler v. City of Prairie City, Kan., 172 F.3d 736, 744 (10th Cir. 1999) (citing Tonkovich, 159 F.3d at 516).[4]

### *Whether Plaintiffs have asserted a violation of a constitutional right*

The facts are essentially undisputed.[5] On or about August 31, 2001, Defendant Saylor had been requested to assist in an article search for a firearm that a suspect may have hidden in or around the search area, which was between Gold Street and Central, and 8th and 9th Streets. Officer Saylor used police service dog "Buddy" to aid in the search. Defendant was not looking for an armed or otherwise dangerous suspect. During the search, Defendant Saylor took "Buddy"

---

[4] Although the "objective reasonableness" that attaches to a substantive Fourth Amendment inquiry would seem to be the same as that utilized in the second-prong of the qualified immunity standard (i.e., whether the law was clearly established such that it would be clear to a reasonable officer that the conduct was unlawful in the situation he confronted), the two inquiries are not fused. See, Saucier v. Katz, 533 U.S. 194, 201 (2001) (substantive inquiry into "reasonableness" in a Fourth Amendment action is not fused with the scienter involved in the second part of the qualified immunity standard). In the qualified immunity application of "reasonableness," the question is whether it would be clear to a reasonable officer that the conduct was unlawful in the situation he confronted. For example, in an excessive force context, an officer might "correctly perceive all of the relevant facts, but have a mistaken understanding as to whether a particular amount of force is legal in those circumstances." Saucier, 533 at 201.

[5] Plaintiffs' response brief consists entirely of legal argument, and does not offer a statement of facts, either disputed or undisputed, as required under Fed.R.Civ.P. 56. However, the facts set forth in the Complaint tracks the facts as presented by Defendants. Defendants' statement of facts are not numbered, but the brief does contain a discrete section that contains a statement of facts.

3

off his leash.  "Buddy" continued the search without a muzzle and out of the sight and control of Officer Saylor.  Unbeknownst to Officer Saylor, Plaintiffs were asleep "side by side" on the front porch of what Defendant describes as a vacant office building.  Unprovoked and not threatened, "Buddy" attacked Plaintiffs by first biting Plaintiff Booker's arms, then attacked Plaintiff Estrada by biting her legs.  Officer Saylor came onto the porch where Estrada was being attacked, took control of "Buddy" and removed the dog from Plaintiff Estrada.

Defendants concede that Officer Saylor's conduct was negligent.  The problem is that while this concession is relevant to Plaintiff's count of negligence against Defendant Saylor (Count II), it is fatal to a claim premised on § 1983, since a negligent act by government or government officers does not give rise to a constitutional claim under § 1983. Daniels v. Williams, 474 U.S. 327, 328-29 (1986); Davidson v. Cannon, 474 U.S. 344 (1986).  Sevier v. City of Lawrence, Kan., 60 F.3d 695, 699, n. 7 (in use of deadly force context, mere negligent actions precipitating a confrontation would not be actionable under § 1983); Daniels v. Williams, 474 U.S. 327, 331-33, 106 S.Ct. 662, 664-66, 88 L.Ed.2d 662 (1986) (stating that "injuries inflicted by governmental negligence are not addressed by the United States Constitution" and rejecting § 1983 claim based on alleged due process violation); Apodaca v. Rio Arriba County Sheriff's Dept., 905 F.2d 1445, 1446 n.3 and 1447 (10th Cir. 1990) (conduct involving vehicle collisions between police vehicles and others caused by police negligence clearly fall on the "tort" side of the line, precluding due process claim, and noting that  holding "comports with the views of other circuits"); see also Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir.1990) ("merely characterizing the negligence as 'gross' does not change its essential character.  Negligence is carelessness and gross negligence is simply gross carelessness. Neither simple nor gross

4

negligence implies an intentional and deliberate violation of constitutional rights, and consequently neither form of negligence satisfies the scienter requirement of § 1983." Id. at 499.

I note that Plaintiffs themselves do not allege a § 1983 claim against Defendant Saylor. Count III sets forth traditional elements of a common law tort claim against Officer Saylor Complaint, ¶¶ 32-39.[6] Further, even considering the facts and all reasonable inferences in a light most favorable to the nonmoving parties, Hollander v. Sandoz Pharms. Corp., 289 F.3d 1193, 1214 (10th Cir. 2002), the facts as presented do not rise to the level of a constitutional claim simply because they set forth a basis for a wrongful act inflicted by a state officer. See Sampley v. Ruettgers, 704 F.2d 491, 495, n.6 (10th Cir. 1983) (citing Ingraham v. Wright, 420 U.S. 651, 674 (1977)); Paul v. Davis, 424 U..S. 693, 700 (1976) (quoting Screws v. United States, 325 U.S. 91, 108 (1945) (" It is well settled that not every injury inflicted by a state official acting under color of law is actionable under § 1983" and violation of local law "does not necessarily mean that federal rights have been invaded"). Thus, I find that Plaintiffs have not asserted a violation of a constitutional right and thus have not satisfied the threshold requirement in a qualified immunity analysis. Because no constitutional right would have been violated if the allegations were established, I need not proceed further in the analysis. Saucier v. Katz, 533 U.S. 194, 201 (2001) ("Where a plaintiff fails to demonstrate that a defendant's conduct violated the law, we need not

---

[6] I need not determine here whether such a claim is appropriately brought under the New Mexico Tort Claims Act ("NMTCA") for which Plaintiff must demonstrate a specific waiver of sovereign immunity. Pemberton v. Cordova, 105 N.M. 476, 477 (Ct.App. 1987) (Potential tort liability of a governmental entity and its employees is limited by the New Mexico Tort claims Act); Weinstein v. City of Santa Fe, 121 N.M. 646, 649 (1996)(The NMTCA provides governmental entities and public employees with immunity from tort suits unless there is a specific waiver of that immunity set forth under the Act).

reach the issue of whether the law was clearly established");Gehl Group v. Koby, 63 F.3d 1528, 1533 (10th Cir. 1995).

Although it is not necessary to do so, I question whether Defendants would be entitled to qualified immunity on the basis that the law was not clearly established. To be clearly established, there need not be a "precise factual correlation between the then-existing law and the case at-hand. . . ." Patrick v. Miller, 953 F.2d 1240, 1249 (10th Cir. 1992) (quotation omitted). The law is clearly established "when it is well developed enough to inform the reasonable official that his conduct violates that law," Id, or enough to say "that in the light of preexisting law the unlawfulness must be apparent." Foote v. Spiegel et al., 118 F.3d 1416, 1424 (10th Cir. 1997)(citing V-1 Oil Co. v. Means, 94 F.3d 1420, 1423 (10th Cir.1996)). Thus, the question that is formed is whether the facts alleged by the Plaintiffs support a violation of clearly established law of which a reasonable person would have known? See Mitchell v. Forsyth, 472 U.S. 511, 528 n.9 (1985); Davis v. Scherer, 468 U.S. 183, 191 (1984). In the context of this type of case, the question to ask is whether an officer who allowed a police service dog assisting in an article search in an area that is seemingly unpopulated (under the germane facts of this case) to go unmuzzled and unleashed would reasonably understand that his conduct violated the constitutional rights of an individual who was subsequently attacked by the dog? While case law has developed on the use of police service dogs in cases involving excessive force and certain aspects of Fourth Amendment searches, my research has not uncovered any cases that fit the important and somewhat unusual factual contours of the present case.[7]

---

[7] Nor have Plaintiffs, apparently, since they rely on cases which stand for the generic Fourth Amendment standard of reasonableness under a "totality of the circumstances."

6

*§ 1983 Claim against City of Albuquerque*

Plaintiffs bring two claims of failure to properly train and supervise, one in Count III and one in Count IV.  Count III asserts "deliberate indifference" on the part of the City, although the remainder of the Count does not seem to have any connection to a constitutional claim -- which requires a showing of "deliberate indifference" -- either in its heading or in the text.[8]  On the other hand, Count IV, which *is* premised on a constitutional violation, asserts specific violations of the Fourth and Fourteenth Amendment, does not mention "deliberate indifference."[9]

At any rate, it seems that the sole federal constitutional claim is brought against the City under either Count III or Count IV, depending on which way the Complaint is liberally construed.  A plaintiff suing a municipality under section 1983 for the acts of one of its employees must prove:(1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978), cited in Myers v. Okla County Bd. of County Commissioners et al., 151 F.3d 1313, 1320 (10th Cir. 1998).  Here, Plaintiffs have alleged only a common-law negligence claim against Officer Saylor (Count II). Because Plaintiff has not

---

[8] The deliberate indifference standard is distinguished from that which a plaintiff must show to make out an underlying constitutional violation.  See Ware v. Unified School Distr. No. 492, 902 F.2d 815, 818 -19 and n.2 (10th Cir. 1990) (citing City of Canton v. Harris, 489 U.S. 378 (1989); Williams v. City & County of Denver, 99 F.3d 1009, 1020 (10th Cir. 1996); Gaylor v. Does, 105 F.3d 572 (10th  Cir. 1997).

[9] Plaintiffs further confuse matters because although Count III alleges "deliberate indifference" Plaintiff appear to bring this claim under the New Mexico Tort Claims Act, see Response at 7  -- even though the Court is  hard put to find *any* mention of the Tort Claims Act anywhere in the Complaint.

alleged a constitutional claim against an official (in this case, Officer Saylor), any claim against the City must fail.  <u>Apodaca v. Rio Arriba County Sheriff's Dept.</u>, 905 F.2d 1445, 1447 (10th Cir. 1990) (citing <u>City of Los Angeles v. Heller</u>, 475 U.S. 796, 799 (1986)) (municipality may not be held liable where there is no underlying constitutional violation by any of its officers); <u>Hinton v. City of Elwood, Kan.</u>, 997 F.2d 774, 782 (10th Cir. 1993).  Moreover, even if the Complaint were amended to include a claim against Defendant Saylor brought under § 1983, the undisputed facts would remain as they are – insufficient to assert more than claims of negligence.[10]  Therefore, Plaintiffs' § 1983 claim against the City of Albuquerque will be dismissed with prejudice.

With the dismissal of Plaintiffs' sole federal claim against the City,[11] I decline to exercise supplemental jurisdiction over the remaining state law claims, pursuant to 28 U.S.C. § 1367(c)(3); <u>see</u> <u>Thatcher Enterprises v. Cache Cty. Corp.</u>, 902 F.2d 1472 (10th Cir. 1990) (when federal claim dismissed before trial, even though not insubstantial in the jurisdictional sense, the state law claim will generally be dismissed as well).  These claims will be remanded to the Second Judicial District for the State of New Mexico, County of Bernalillo.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Joint Motion to Dismiss § 1983 Negligence Claim on the Basis of Qualified Immunity, § 1983 Failure to Train and Supervise, and Punitive Damages Claim and to Dismiss Plaintiffs' New Mexico Constitutional NMSA § 41-4-1 Negligence and

---

[10] For this reason, Plaintiffs' informal request to amend the Complaint will be denied.

[11] I note that had Plaintiffs brought § 1983 claims against Defendant Saylor as well, those claims would have been dismissed with prejudice as well, for reasons given above.

Failure to Train and Supervise Claims **(Doc. 16)** is GRANTED IN PART AND DENIED IN PART as set forth above;

      **IT IS FURTHER ORDERED** that Plaintiffs' § 1983 claims against the City of Albuquerque are DISMISSED WITH PREJUDICE, and this action is remanded to the Second Judicial District for the State of New Mexico, County of Bernalillo.

                                                                     UNITED STATES DISTRICT JUDGE